**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CRIMINAL CASE NO. 13-8-DLB-CJS-21**

**UNITED STATES OF AMERICA**                                                         **PLAINTIFF**

**v.**                  **REPORT AND RECOMMENDATION**

**DANIEL LIST**                                                                    **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

On May 25, 2018, this matter came before the Court for a hearing on Petition of the U.S. Probation Office (R. 1597) that Daniel List be summoned to appear before the Court and answer for alleged violation of his supervised release. Defendant was present in court and represented by Attorney Edward L. Metzger, III and the United States was represented by Assistant United States Attorney Wade Napier. U.S. Probation Officer John D'Alessandro was also present for this proceeding.

Upon call of this matter at hearing, counsel informed the Court that the parties had reached an agreement on the pending violation. Specifically, Defendant agreed to admit to the violation as set forth in the May 11, 2018 Violation Report and, in exchange, the United States agreed to recommend that Defendant's supervision be modified such that he be removed from the Swift, Certain, and Fair program.

For the reasons that follow, the parties' recommended disposition is appropriate. Accordingly, it will be recommended that Defendant's supervised release be modified to provide that

he be removed from the Swift, Certain, and Fair program and that he be returned to regular supervision with its attendant standard and special conditions as imposed in the Judgment (R. 1027).

**I.      Procedural Background**

On July 17, 2013, Defendant pled guilty to conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846. (R. 721). On December 5, 2013, then presiding District Judge Amul Thapar sentenced Defendant to a 51-month term of imprisonment, followed by a 5-year term of supervised release. (R. 1026, 1027). On August 12, 2015, pursuant to the Court's own motion under 18 U.S.C. § 3582(c)(2), Defendant's term of incarceration was reduced from 51 months to 41 months. (R. 1405). On July 1, 2016, Defendant was released from incarceration and began his term of supervised release. (R. 1604).

On or about December 12, 2016, Defendant, by agreement, was placed in this Court's new Swift, Certain, and Fair supervised release program. (R. 1542; R. 1604). On February 10, 2017, Defendant was verbally admonished for failing to follow the instructions of his Probation Officer after he turned in his monthly report form late. (R. 1604). On February 14, 2017, Defendant was required to write a three-page letter to District Judge Thapar on the importance of following through with the instructions of his Probation Officer after Defendant failed to contact the child support office as instructed. (*Id.*). In addition, Defendant was ordered to serve a 1-day jail sanction for failure to pay child support. (R. 1545; R. 1604). On December 1, 2017, Defendant was ordered to serve a 1-day jail sanction after failing to follow the instructions of his Probation Officer by missing a urinalysis at Transitions, the treatment provider. (R. 1578; R. 1604).

On May 11, 2018, U.S. Probation Officer Allison Biggs submitted a Petition for Warrant or Summons for Offender Under Supervision, notifying now presiding District Judge David Bunning

of a further violation of Defendant's participation in the Swift, Certain, and Fair program. Officer Biggs requested the issuance of a summons for Defendant to appear before the Court on the alleged violation. (R. 1597). District Judge Bunning ordered a summons be issued, and on May 25, 2018, Defendant appeared before the Court for hearing. (R. 1603). At that time, the undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable range under the U.S. Sentencing Guidelines if his supervision were to be revoked.[1] The undersigned also explained that while a recommendation of an appropriate sanction would be made to the presiding District Judge, ultimately it is the decision of District Judge Bunning as to what final sentence should be imposed.

As noted above, at this hearing the parties informed the Court they had reached an agreement on the pending violation—Defendant agreed to admit to the violation in exchange for the Government's agreed recommendation to remove Defendant from the Swift, Certain, and Fair program as a modification to his supervised release. Specifically, Defendant admitted to the following violation of the Swift, Certain, and Fair program requirements as explained in the circumstances set forth below:

> **Violation No. 1:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

---

[1] Here, because Defendant's underlying criminal offense was a Class C felony, the maximum term of incarceration upon revocation of his supervised release is 24 months. 18 U.S.C. § 3583(e). United States Sentencing Guideline § 7B1.1 suggests a revocation range of imprisonment of 3 to 9 months, based upon Defendant's criminal history category of I and the violation as admitted by him being a Grade C violation. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed is unlimited, Defendant having been convicted of a conspiracy for a drug crime under 21 U.S.C. § 841(b)(1)(B). *See* 18 U.S.C. § 3583(h).

Defendant was contacted by Transitions on May 10, 2018 and instructed to report for a urinalysis prior to 6:00 p.m. Defendant failed to timely report for his scheduled urinalysis. Defendant arrived at Transitions at 7:00 p.m. but was not permitted to submit to a urinalysis because a male staff member was not available to observe Defendant providing a urine sample. Defendant admitted that by failing to report to Transitions by 6:00 p.m. on May 10, he failed to follow the instructions of his Probation Officer.

Based upon Defendant's admission to this violation, the undersigned finds, and will recommend that the District Judge find, that Defendant has violated this condition of the Swift, Certain, and Fair program. Defendant having admitted to violating this condition, the question of sentencing is presented.

## II.     Sentencing

The Court is mindful of the need to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). As previously discussed, Defendant, his counsel, and the Assistant United States Attorney reached an agreed recommendation of an appropriate sanction for Defendant's violation–that Defendant's supervised release be modified to remove him from the Swift, Certain, and Fair program and he be returned to regular supervised release, which release will be subject to all standard and special conditions as set forth in his Judgment (R. 1027). The Probation Office is in agreement with the parties' agreed resolution.

After considering the violation conduct, the circumstances surrounding Defendant's participation in the Swift, Certain, and Fair program, and the positions of the parties, the undersigned agrees that Defendant's supervised release should not be revoked, but that his participation in the

4

Swift, Certain, and Fair program should be terminated. This is Defendant's fourth violation of the condition that he follow the instructions of his Probation Officer and, because it is a fourth violation of the same condition in Swift, Certain, and Fair, that is why he finds himself before the Court for formal violation proceedings. On the one hand, Defendant has done well with other aspects of supervision, working steadily at gainful employment for over a year, has consistently tested negative on drug screens, and has not engaged in new criminal activity. On the other hand, he is required to comply with his Probation Officer's instructions and directives and needs to learn to be more organized and attentive to the structure of supervision.

Removal from Swift, Certain, and Fair is an appropriate sanction because Defendant loses the program opportunities of lesser sanctions for violations and greater possibility for early termination. However, Defendant continuing in regular supervision will now afford him the opportunity to address technical violations of supervision by working directly with his Probation Officer rather than a formal revocation proceeding. Defendant thus far has made positive strides, and will need to work hard with his Probation Officer on learning to be timely and responsive to the duties and obligations of a law-abiding citizen in the community. A return to regular supervision is better positioning for him to work on this.

Defendant understands he is being given a substantial break by being afforded the opportunity for a modification rather than revocation and potential incarceration. There should be no misunderstanding going forward of the importance of being fully compliant with all conditions of his supervised release, including the need to follow the instructions of his Probation Officer.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the charged violation, has had ample opportunity to consult with counsel, and enters his admission

knowingly and voluntarily. Defendant also waived his right to allocute before District Judge Bunning.

**III.    Conclusion and Recommendation**

Accordingly, **IT IS RECOMMENDED** that

1)    Defendant **DANIEL LIST** be found to have **violated** the condition of the Swift, Certain, and Fair program as set out in Violation No. 1 above;

2)    Defendant's supervision **not be revoked,** but instead his supervised release be modified to provide that his voluntary participation in the Swift, Certain, and Fair program is terminated and that he is returned to regular supervised release and subject to all standard and special conditions previously imposed in the December 5, 2013 Judgment (R. 1027).

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Judge for consideration, Defendant and United States having waived the period for the filing of objections hereto this Report and Recommendation.

Signed this 5th day of July, 2018.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\S.R. violations R&R\13-8-DLB-CJS-21 List R&R.wpd